**450**

In the Matter of **SOUTHERN LAND TI-TLE CORPORATION, Debtor, in Proceedings for the Reorganization of a Corporation.**

In re Southern Land Title Corporation.

No. 67–135.

United States District Court,
E. D. Louisiana,
New Orleans Division.

Feb. 13, 1970.

See also D.C., 301 F.Supp. 431 and D.C., 310 F.Supp. 451.

Bernard J. Tortomasi, Jr., Tortomasi & Tortomasi, New Orleans, La., for petitioner John Wood.

Richard C. Baldwin, Adams & Reese, Harold J. Zeringer, Jr., Zeringer & Zeringer, New Orleans, La., for Leon S. Poirier and Gulf South Realty Corp.

John Pat Little, Charles Schwartz, Jr., Guste, Barnett & Little, New Orleans, La., for Albert J. Ward, Jr., trustee.

MEMORANDUM OPINION
AND ORDER

HEEBE, District Judge:

This cause came on for hearing on January 5, 1970, on the petition of John Wood for the payment of a fee for services rendered to the debtor estate. The matter was taken under submission and both parties were given one week to file their memoranda. We received mover's memorandum on January 19, 1970, and received the memorandum of opponents on February 9, 1970.

The facts clearly show that John Wood was one of several realtors contacted by the trustee, Albert J. Ward, Jr., following the sale held by the United States Marshal on September 10, 1969, which sale had failed to realize bids of sufficient value to warrant confirmation. The trustee was laboring under the misapprehension that John Wood was a licensed realtor. However, a few days before the hearing to authorize the sale of the properties in question to the parties procured by Wood, the trustee became aware that Wood did not have a realtor's license. Since the offer to buy and the deposit were firm, and the sale would benefit the debtor estate, the trustee decided to go forward and seek authority from the Court to sell the property at private sale. On October 10, 1969, after a full hearing, we entered an order authorizing the trustee to sell the real estate described on Exhibits "B," "C," "D," "E," and "F" annexed to the trustee's petition including all furnishings and fixtures, in accordance with the terms and conditions of the Offer to Purchase as set out on Exhibit IA annexed to the trustee's petition. The offer to purchase as contained in Exhibit IA resulted from the efforts of John

Wood, the procuring agent. At the hearing on October 10, 1969, we reserved a ruling on the amount of compensation to be paid to John Wood since he is not a licensed realtor. The properties in question were sold for $353,700.00.

Petitioner John Wood requests a fee of 4% of the selling price ($14,148.00), claiming such fee to be moderate, fair and constituting reasonable compensation within the meaning of Section 241, 242(2), 243 and 244 of the Bankruptcy Act, 11 U.S.C. §§ 641, 642, 643 and 644. The opponents, Leon S. Poirier and Gulf South Realty Corporation, while admitting that Wood is entitled to a fee for services rendered to the estate, contend that the fee must be fixed on a quantum meruit basis and only in connection with the efforts of Mr. Wood which resulted in the actual sale of the properties.

Wood testified that he was first contacted by the trustee in October 1968 to sell some of the property involved in the reorganization. Wood stated that he spent the majority of his time for about eight months in procuring two sales, of which only the second was consummated. From the failure of the sale at public auction on September 10, 1969, it took Wood twenty days to procure the purchase agreement which ultimately resulted in the consummated sale. On cross examination Wood stated that he had no worksheet showing hourly expenditures of time and very few receipts for out-of-pocket expenses.[1]

We find that the agreement to purchase (Exhibit IA), insofar as it provides for a 4% realtor's commission, is not legally binding on the trustee or the Court, because John Wood is not a licensed realtor. Therefore, his claim for compensation is one under quantum meruit alone pursuant to Sections 241 and 242 of the Bankruptcy Act, 11 U.S.C. §§ 641 and 642. The Court bases its

award of a fee only on the twenty-day period following September 10, 1969, which resulted in the consummated sale of these properties. All efforts expended by Wood prior to that time which did not result in a consummated sale are totally and legally irrelevant to a quantum meruit award for his services. There can be no fee for his services rendered in procuring a purchase offer which did not result in a consummated sale.

The matter of the amount of compensation in this case is discretionary with the Court, and having duly considered all of the factors involved in determining what is fair and reasonable as a fee for the services rendered to the debtor corporation, we enter the following order:

It is ordered, adjudged and decreed that Albert J. Ward, Jr., be, and he is hereby, authorized to pay to John Wood $7,074.00 for services rendered as procuring agent in the sale of the properties described on Exhibits "B," "C," "D," "E," and "F" annexed to the trustee's petition to sell at private auction which was filed on September 30, 1969.

---

1. John Wood testified that the out-of-pocket expenses incurred by him after September 10, 1969, were approximately $130.00 for entertainment and $160.00 for automobile expenses.